UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ZAVALA ARTIEGA,                           :
                                                                                           ORDER
              Plaintiff(s),            :

              -against-               :    16 Civ. 6613 (LMS) (LMS)

GRIFFIN ORGANICS, INC., et al.,           :

              Defendant(s)             :

------------------------------------------------------------x

       As of June 5, 2017, the settlement agreement in this case was essentially in final form. DE 71 at p. 4. From that point on, however, Defendants, and, as of July 13, 2017, Defendants' counsel, have proceeded in a manner which can only be described as bad faith. *See* DE 58 for date of substitution of counsel; *see* DE 71 for the relevant history, at pp. 2-5. Following the substitution of counsel granted on July 13, 2017, "Defendants declined to proceed any further with the settlement of the action." DE 71 at p. 5. This forced Plaintiff to seek to "stay the case and compel Defendants to submit to arbitration before [the arbitrator] pursuant to the terms of the Term Sheet." Id. By Order dated November 29, 2017, more than two years ago, the undersigned granted Plaintiff's motion to compel arbitration and enforce the settlement by ordering Defendants to submit to arbitration before the arbitrator who was previously selected by the parties. Id. at p. 10. Not only had the parties selected and agreed upon the arbitrator, but the term sheet, signed by counsel for Plaintiff, counsel for Defendants, and also signed by the individual Defendant, expressly stated that "[t]he parties agree that Martin Scheinman shall retain jurisdiction over any conflicts arising from this legally binding terms sheet and the final settlement agreement, whose decision shall have binding effect as an arbitrator." DE 62-1.

Defendants' counsel makes the rather strained argument that his client does not now agree to the hourly rate charged by the selected arbitrator, and quite carefully argues that "[o]n several occasions the undersigned requested of [the arbitrator's] office a copy of the agreement wherein Defendants agreed to [the arbitrator's] rates, as Defendants were represented by prior counsel . . . when any agreement *may have been executed.*" DE 108 at p. 2 (emphasis added). Of course, counsel is fully aware that a copy of the agreement, executed by both Plaintiff's and Defendant's counsel and describing the mediator's fees, was attached to Mr. Alamgir's Declaration in Support of the Motion to Compel Arbitration, and has therefore been in counsel's possession since November 6, 2017. DE 69-3. Any claim to the contrary is, at best, disingenuous. The agreement was signed on Defendants' behalf by Jonathan Kozak, who was then counsel for Defendants, and was therefore authorized to sign such an agreement.[1] Additionally, as noted above, the term sheet which resulted from the initial arbitration was signed not only by Mr. Kozak, but also by the individual Defendant. DE 62-1. The Court concludes that Defendants agreed to the arbitrator's hourly rate as of March 20, 2017, and was well aware of that rate when the Court's initial order compelling arbitration (DE 71) was honored by the parties' appearance at a hearing with the arbitrator on February 13, 2018. DE 83-1 at p. 5.

Defendants' counsel continues to seek assignment of this arbitration to a different arbitrator. See DE 108 at p. 1. That application has already been denied. See Docket sheet constituting memo endorsement at DE 106, incorrect document attached but correct content of order on docket sheet. There is no basis for such an application. The Defendants have failed to pay outstanding arbitration fees which are apparently due and owing (no invoice or other

---

[1] If the individual Defendant has an issue with his former counsel, he may take steps to pursue relief in the appropriate forum.

information about the amount of those past due fees has been produced to the Court, either by Plaintiff's counsel or by the arbitrator, therefore the amount cannot be specified herein). It is also apparent that Defendants and Defendants' counsel have intentionally elected not to participate in scheduling or paying in advance for continued arbitration, as required by prior Court orders. This obstructive behavior must end.

IT IS THEREFORE ORDERED that Defendants shall pay all outstanding amounts due and owing to the arbitrator for past arbitration, plus interest from the date any such invoice was originally sent to Defendants, and such payment must be made no later than January 21, 2020; IT IS FURTHER ORDERED that Defendants and Defendants' counsel shall participate in the scheduling of further arbitration proceedings in order for the arbitrator to determine enforcement of the settlement; IT IS FURTHER ORDERED that Defendants shall pay the arbitrator, at least two weeks in advance of the scheduled continued arbitration proceedings, for Defendants' portion of the anticipated arbitrator's time during such further arbitration, limited to two hours of time; IT IS FURTHER ORDERED that following the completion of the arbitration proceedings detailing enforcement of the settlement, any excess payment by Defendants to the arbitrator shall be returned to Defendants' counsel no later than two weeks after completion of the proceedings, and that any outstanding payment for time beyond the two hours identified above shall be paid by Defendants to the arbitrator within two weeks of the arbitrator's issuance of any final order. IT IS FURTHER ORDERED that any failure by Defendants to comply with this Order shall result in the arbitrator issuing a final ruling on enforcement of the settlement, even in the absence of Defendants' participation, which shall constitute an enforceable and final settlement; IT IS FURTHER ORDERED that any failure by Defendants to comply with this Order shall result in the imposition of sanctions, including possible monetary sanctions, possible contempt findings,

and an enforceable final Order against Defendants in furtherance of the arbitrator's final order, which will be subject to collection by Plaintiff. Plaintiff's counsel shall submit copies of any order issued by the arbitrator to the Court, promptly.

The Clerk is directed to terminate the motions at DE 107 and 114.

Dated: December 27, 2019
       White Plains, New York

SO ORDERED

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York