UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

Mauricio E. Zavala Artiega,

                Plaintiff,            **OPINION AND ORDER**

      -against-               16 Civ. 6613 (AEK)

Griffin Organics, Inc., et al.,

               Defendants.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

    Plaintiff Mauricio E. Zavala Artiega ("Zavala Artiega") commenced this action on August 22, 2016, asserting claims against Defendants Griffin Organics, Inc., Griffin's Landscaping Corp., Hilltop Nursery and Garden Center, Inc., and Glen Griffin for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on the alleged failure to pay overtime wages and provide proper wage and hour notices and wage statements. ECF No. 1.[2] Before the Court is the parties' application for approval of a settlement agreement in accordance with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). For the reasons that follow, the Court APPROVES the settlement agreement.

---

[1] The parties consented to the jurisdiction of Magistrate Judge Lisa Margaret Smith pursuant to 28 U.S.C. § 636(c) on May 22, 2017. ECF No. 43. The case was reassigned to the undersigned on October 15, 2020.

[2] The complaint was filed on behalf of Zavala Artiega as well as "FLSA Collective Plaintiffs, and the Class." As set forth in greater detail below, no class was ever approved in this action, and the proposed settlement is only as to Zavala Artiega's individual FLSA claims. Accordingly, the Clerk of the Court is directed to amend the caption of this case as set forth herein. See Warren v. Aba Noub, Ltd., No. 21 Civ. 365 (SHS), 2021 WL 1841685, at *2 (S.D.N.Y. May 7, 2021).

## DISCUSSION

**1.     Legal Standards**

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." Fisher v. SD Prot. Inc., 948 F.3d 593, 599 (2d Cir. 2020).  Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable.  See, e.g., Cronk v. Hudson Valley Roofing & Sheetmetal, Inc., No. 20 Civ. 7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021).  When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Fisher, 948 F.3d at 600 (quoting Wolinsky, 900 F. Supp. 2d at 335).  In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

Wolinsky, 900 F. Supp. 2d at 336 (quotation marks omitted).  "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties

to determine the reasonableness of an FLSA settlement." Fang Xiao v. Grand Sichuan Int'l St. Marks, Inc., No. 14 Civ. 9063, No. 15 Civ. 6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

## 2. Procedural History

This case has a long and complex history, which was summarized in prior decisions and orders issued by Judge Smith in 2017, 2018, and 2019. See ECF Nos. 71, 90, 103. The Court assumes the parties' familiarity with all prior proceedings and will not describe them in detail here, except as needed to address the instant application.

The settlement terms for which the parties seek approval are embodied in a Term Sheet, which was agreed to by the parties in connection with a private mediation. See ECF No. 130 ("Cheeks Application") Ex. A ("Term Sheet"). Most of the provisions in the Term Sheet are not being presented to this Court for review or approval as part of the Cheeks Application. Indeed, nearly the entire Term Sheet addresses a contemplated "Class Settlement," which purportedly would serve as a resolution of a yet-to-be-filed action in New York State court. This unusual bifurcated approach to claims was the product of a negotiated resolution by the parties in private mediation, and disputes about the meaning and enforceability of that Term Sheet have consumed considerable time and attention as part of this matter. See ECF Nos. 71, 90, and 103. But at status conferences before this Court on December 11, 2020 and January 5, 2021, as well as in the Cheeks Application, the parties have made clear that the request for settlement approval here is narrow: the only issue being presented for review is the settlement of the FLSA claim of individual plaintiff Zavala Artiega, and the only claims that would be fully released as part of this proposed settlement are Zavala Artiega's FLSA claims. See Cheeks Application at 2.

### 3. FLSA Settlement Terms

The Term Sheet includes only one term, the "Individual Settlement," specifically devoted to the settlement of Zavala Artiega's individual FLSA claims. That term states:

> The parties agree that for the case under 16-cv-6613, filed in the Southern District of New York, only the federal claims will be dismissed with prejudice. The settlement for Mauricio Zavala's federal claims, inclusive of legal fees, will be $15,000 paid by Defendants, jointly and severally. The parties agree that Plaintiff will have the option of transferring the case to the magistrate judge, to which Defendants will agree. Payment of the Individual Settlement Amount shall be paid to the escrow of the Administrator (Arden Claims Service) by July 1, 2017.[3]

Term Sheet at 1. Only the "Individual Settlement" requires the Court's approval and is the subject of the Cheeks Application. Although not included in the "Individual Settlement" provision, the parties have allocated one-third of the total settlement payment to attorneys' fees and costs, which is consistent with the separate "Attorneys' Fees" provision in the Term Sheet related to the settlement of the future state court class action. See Term Sheet at 2 ("Attorneys' Fees: 1/3 of Settlement Amount plus expenses. Defendants will not contest the Attorneys' Fees and expenses. Attorneys' Fees and expenses shall be paid out of the Settlement Amount."). The parties have thus proposed that Zavala Artiega's counsel be paid $5,000 of the total $15,000 for attorneys' fees and costs.

### 4. Analysis

Having reviewed the parties' submissions in support of the proposed settlement, factored in the Court's understanding that the parties engaged in an extended mediation and arbitration process through which they agreed to resolve the case, and considered the totality of the

---

[3] The Cheeks Application notes that "the settlement has already been fully funded by Defendants to Plaintiff's counsel's escrow account . . .." Id. at 2. This modification of the escrow arrangement from the language in the Term Sheet is a procedure expressly agreed to by the parties on the record during the January 5, 2021 status conference.

circumstances, the Court finds that the parties' proposed settlement of Zavala Artiega's FLSA claims is fair and reasonable. The Court's consideration is limited only to Zavala Artiega's FLSA claims, and the Court makes no findings whatsoever regarding those aspects of the Term Sheet that pertain to any other potential claims involving Zavala Artiega or any other parties.

With respect to the "Individual Settlement" of Zavala Artiega's FLSA claims, all five Wolinsky factors weigh in favor of approval. First, the settlement agreement provides for a total settlement payment of $15,000, with $10,000 payable to Zavala Artiega and $5,000 payable to his counsel as attorneys' fees and costs. According to Zavala Artiega's calculations, his best possible recovery on his claims for overtime wages under the FLSA would be $36,109.00.[4] Cheeks Application Ex. B. Plaintiff's counsel provided detailed breakdowns of hours (including overtime hours) worked by Zavala Artiega during seven separate time periods, the salary he

---

[4] Although Zavala Artiega's complaint sought liquidated damages in connection with his FLSA claims, his calculations for purposes of the settlement review specifically carve out potential damages for Zavala Artiega's "New York Labor Law claims, Wage Theft Prevention Act statutory penalties, or liquidated damages, as such will be part of the Plaintiff's to-be-filed lawsuit in state court." Cheeks Application at 2 n.1.

Liquidated damages are available under the statutory framework of the FLSA. "The FLSA provides that an employer who underpays an employee is 'liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.'" Rana v. Islam, 887 F.3d 118, 122 (2d Cir. 2018) (quoting 29 U.S.C. § 216). Liquidated damages also are available to plaintiffs who bring suit under the NYLL—indeed, there are "no meaningful differences" between the liquidated damages provisions of the FLSA and NYLL. Id. at 122-23. But the Second Circuit has determined that "the NYLL and FLSA [do] not allow[] duplicative liquidated damages for the same course of conduct." Id. at 123. Thus, if Zavala Artiega were to recover liquidated damages under the FLSA, he would be precluded from recovering liquidated damages under the NYLL for the same alleged violations. Because the Cheeks Application makes clear that Zavala Artiega is preserving his ability to seek liquidated damages under the NYLL as part of his forthcoming state court lawsuit, Zavala Artiega cannot also recover liquidated damages under the FLSA. Therefore, it is appropriate for Plaintiff's counsel to have excluded the possibility of FLSA liquidated damages in assessing the total possible FLSA recovery for Zavala Artiega.

5

earned during each of those periods, and the overtime wages to which he allegedly was entitled. Id.  The settlement amount of $10,000 constitutes approximately 27.7 percent of the total amount to which Zavala Artiega claims he would have been entitled had he prevailed at trial.  This percentage of recovery is in line with recovery amounts in other FLSA cases in this District where courts have approved settlement terms.  See, e.g., Santos v. YMY Mgmt. Corp., No. 20 Civ. 1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (collecting cases).  Notably, according to Defendants' calculations, Zavala Artiega is entitled to $10,000 in overtime wages, Cheeks Application Ex. C; if Defendants' assessment is correct, Zavala Artiega's settlement would amount to a 100 percent recovery of his damages.

      Second, the settlement will enable the parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses.  Given the extended efforts to attempt to resolve this case through mediation rather than through litigation, additional discovery would be necessary if this case were to proceed to trial; the history of this case also makes it likely that there would be further motion practice prior to any trial; and of course, the trial itself would present substantial additional burdens and expenses.

      Third, the parties would have faced significant litigation risks if this case had proceeded to trial.  Defendants generally deny Zavala Artiega's claims and contest the periods of time during which he worked, the number of hours that he worked, and the hourly rates he was paid, and suggest that the maximum possible recovery for Zavala Artiega's unpaid overtime wages would be $10,000.  Compare Cheeks Application Ex. B with Cheeks Application Ex. C.  As explained in the Cheeks Application, "[i]n connection with mediation, Defendants provided detailed records of Plaintiff's timecards demonstrating the number of hours worked and payroll records stating the hourly rates paid to Plaintiff, which at times include payment of overtime

hours at an overtime rate.  Based on Defendants' records, Plaintiff's backwages [sic] equal approximately $10,000.00."  Id. at 2.  Although Zavala Artiega "contests the validity of Defendants' records," he acknowledges that there is a risk that Defendants will be "able to convince a jury that Plaintiff worked less time, hours or that he was paid a proper overtime rate and was paid for all hours worked . . .."  Id.  Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for all parties.

Fourth, given the mediation process in which the parties engaged, with each side represented by competent wage and hour counsel, there is no question that the proposed settlement, as set forth in the Term Sheet, is the product of arm's-length bargaining between experienced counsel.

Fifth, the Court has no reason to believe that the proposed settlement is the product of fraud or collusion.

Moreover, the factors set forth in Wolinsky that weigh against approving a settlement do not counsel against settlement approval here.  Although Zavala Artiega originally filed this case as a proposed collective and class action, Zavala Artiega never completed the process of seeking certification of the complaint as a collective action pursuant to 29 U.S.C. § 216(b) or Rule 23 of the Federal Rules of Civil Procedure, and instead proposes to settle this case individually.  See Gomez v. Midwood Lumber and Millwork, Inc., No. 17 Civ. 3064 (KAM) (JO), 2018 WL 3019877, at *1 n.2, *6 (approving individual settlement of FLSA claim originally filed as a proposed class action); Warren, 2021 WL 1841685, at *2 (same).  While there may be other individuals with similar potential claims against these defendants, the settlement and dismissal of Zavala Artiega's FLSA claims will not adversely impact other similarly situated employees,

7

whose claims are not being released as part of this settlement. Moreover, the Term Sheet envisions the filing of a state court class action that would potentially safeguard the rights of other employees, provide them with a potential financial recovery in connection with the contemplated settlement of that action, and address broader allegations of non-compliance with wage and hour laws by Defendants. In addition, given that the employment relationship between Zavala Artiega and Defendants has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur. Further, the Court is not aware of a history of FLSA non-compliance by these employers beyond that which is set forth in this lawsuit. And finally, the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

     The Term Sheet also does not contain any problematic provisions that would preclude court approval. There are no confidentiality or non-disparagement clauses. See Cortes v. New Creators, Inc., No. 15 Civ. 5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) ("The Agreement does not contain a confidentiality provision that would undermine the broad remedial purposes of the FLSA, and plaintiffs are not precluded from discussing the settlement of their FLSA and NYLL claims."); see also Cheeks Application at 2 (highlighting the fact that the proposed settlement does not include any provision regarding "confidentiality of settlement terms"). Nor is there an overbroad or otherwise inappropriate release provision associated with the release of Zavala Artiega's FLSA claims.[5] As the Cheeks Application states, "the only claims being released by this settlement are Plaintiff's FLSA claims," id. at 2; this type of narrow

---

[5] The Term Sheet does include a provision defining "Released Claims," but the context of the Term Sheet makes clear that those contemplated releases would be part of the anticipated settlement of the future state court class action, and are not meant to be construed as releases in exchange for the individual settlement of Zavala Artiega's FLSA claims.

release is appropriate, see, e.g., Illescas v. Four Green Fields LLC, No. 20 Civ. 9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021) ("Here, Plaintiff has agreed to release Defendants from claims for unpaid wages and related damages arising under the FLSA, the NYLL, and related regulations. . . . This release of claims is limited to the wage-and-hour issues asserted in this action or related claims that could have been asserted. Similar releases are routinely approved.").

Finally, with respect to attorneys' fees and costs, the proposed settlement provides for Zavala Artiega's counsel to receive $5,000, one-third of the total settlement amount. "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." Santos, 2021 WL 431451, at *2 (quotation marks and brackets omitted). Ordinarily, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." Id. (quotation marks omitted). Zavala Artiega's counsel has not submitted contemporaneous time records and hourly rate information that the Court would need to make a lodestar calculation. Typically, the Court would require counsel to submit such documentation in support of an attorneys' fee award. However, this case—now almost five years old—has had a lengthy and unusual history with which the Court is fully familiar. It has involved, among other things, two mediations, the filing of a motion for conditional class certification (for which briefing was completed by Plaintiff's counsel, even though the motion was never fully briefed or decided), five court conferences, a motion to enforce the settlement and/or compel arbitration, two arbitration hearings, and a motion to confirm an arbitration award and for sanctions. See

generally Docket Sheet; see also Cheeks Application at 4.[6]  Under the particular circumstances of this case, there is no question that in matters immediately before this Court alone, Plaintiff's counsel has expended time and effort that would lead to attorneys' fees well in excess of the $5,000 in fees that are proposed as part of this settlement, and it is clear that the fee award represents a small fraction of the lodestar figure that counsel would submit.  Accordingly, the fee award here—which represents one-third of the total settlement amount—is fair and reasonable.

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and the individual settlement of Zavala Artiega's FLSA claims, as set forth in the Term Sheet filed at ECF No. 130-1, is hereby APPROVED.

Zavala Artiega's counsel shall receive $5,000 in attorneys' fees and costs.  Zavala Artiega shall receive the balance of the settlement payment, $10,000.

---

[6] Consistent with the Court's understanding, Zavala Artiega's counsel describes their "more than four (4) years of work on this matter" as including

> interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing discovery requests, analyzing Defendants' document production, preparing a pre-motion letter regarding motion for conditional collective certification, preparing submission [sic] for the first mediation, preparing for and attending the first mediation, preparing and filing a motion for conditional collective certification, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing submission [sic] for the second mediation, preparing for and attending the second mediation, preparing a settlement agreement, motion practice, hearings and conferences in connection with enforcement of the term sheet, arbitration proceedings, and preparing this submission.

Cheeks Application at 4.

The Court directs the parties to submit a stipulation, dismissing with prejudice Zavala Artiega's FLSA claims, on or before May 26, 2021, at which point this case can be closed.[7]

Because this action was never certified as a collective or class action, and because Zavala Artiega settled this case individually, the Clerk of the Court is directed to amend the case caption as follows:

Mauricio E. Zavala Artiega,

                Plaintiff,

-against-

Griffin Organics, Inc., et al.,

                Defendants.

Dated: May 19, 2021
       White Plains, New York

                                            **SO ORDERED.**

                                            _____
                                            ANDREW E. KRAUSE
                                            United States Magistrate Judge

---

[7] The proposed stipulation submitted by the parties at ECF No. 130-4 is not sufficient for these purposes for two reasons: (1) the stipulation does not include a dismissal with prejudice of Zavala Artiega's FLSA claims; and (2) in accordance with the amended caption, Plaintiff's counsel should be signing this stipulation only on behalf of Zavala Artiega, and not on behalf of "Plaintiff, FLSA Collective Plaintiffs, and the Class." If the parties also intend to dismiss Zavala Artiega's NYLL claims without prejudice, as contemplated by ECF No. 130-4, that dismissal may also be included in the same document dismissing Zavala Artiega's FLSA claims with prejudice.